[Civ. No. 6593. Second Appellate District, Division Two.—April 17, 1931.]

FRANK G. PINKERTON et al., Respondents, v. JOE CRAIL et al., Appellants.

Crail, Shutt, Penprase & Miller and Crail, Shutt, Penprase & Crail for Appellants.

Head, Wellington, Jacobs & Scovel for Respondents.

CRAIG, J.—The respondents, owners of certain real property in the county of Orange, obtained judgment in an action instituted against the appellants, from which judgment the latter appealed.

Briefly stated, the plaintiffs alleged that they entered into a contract with the defendant Crail, doing business under the firm name and style of Shoreline Oil Company, by the terms of which the latter leased certain lands for the purpose of drilling for oil; that the parties thereto agreed that the oil company should pay for each orange tree destroyed on the property $100; that under the provisions of said contract the defendent Son, acting as agent, partner, servant and employee of the defendant company, entered upon and took possession of the property, and during operations destroyed twenty-eight orange trees; that the sum of $1,000 had been paid to the plaintiffs, and that the sum of $1800 was due and unpaid. A copy of the contract, attached to and incorporated as a part of the complaint, provided: "The lessee agrees to pay for the destruction of each orange tree at the rate of $100.00 per tree." Defendant Son interposed a demurrer to the complaint upon the

ground that it did not state facts sufficient to constitute a cause of action as against him. The demurrer was overruled, and this ruling is assigned as error.

■ It is first argued that the quoted provision of the contract is in contravention of section 1670 of the Civil Code, and void. Said section merely contemplates a breach of an obligation. It expressly states that: "Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section." The section following is to the effect that the parties may agree upon a presumed amount when from the nature of the case it would be impracticable or extremely difficult to fix the actual damage. The contract in suit fixed an agreed price for each tree which the lessee might destroy in fulfilling the terms of the contract. It is neither alleged nor contended by either party that the contract was breached by the removal or destruction of trees. This provision in connection with a covenant that the property should be restored so far as possible to its original condition upon surrender of possession is not inconsistent with the obvious impossibility of replacing the trees.

■ It is next asserted that the liability of Son could be established only by proof of a privity of contract. The evidence tended to show, however, that he represented himself to plaintiffs as manager for the defendant company, entered into possession, and proceeded with operations as prescribed by the original lease; that thereafter he exhibited a contract with the defendant company under which he claimed to operate as a sublessee of a portion of the premises; that he destroyed the trees, either as manager or sublessee, and subsequently acknowledged liability therefor. Son testified: "That conversation was later, at a time when I didn't have the money available and I told him I would pay it, or hoped to pay it, as soon as I could." He admitted in his testimony that he would "get it for him just as soon as the company could get around to it, or I could get around to it". By the terms of a contract between the company and defendant Son, introduced in evidence by the defendants, it was agreed that Son should "comply strictly and literally with all of the terms and conditions of the

said lease'' between the plaintiffs and said company. There is no merit in this contention.

Finally it is urged that a failure to find as to whether defendant Son was an agent, partner, servant or employee of the defendant company, was error. Since the original lessee became liable by express contract in writing, and Son admitted and was shown to have incurred liability, we fail to see in such omission prejudicial error requiring a reversal.

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.